JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Roger Ford appeals from his conviction for burglary, in violation of R.C. 2911.12(A)(4). At 2:00 a.m., on June 3, 2004, an alarm alerted an employee of the Anna Louise Inn, a shelter for single women, that an intruder had entered through a locked basement door. The employee summoned the police, who found Ford in the basement of the shelter.
Ford was found guilty following a jury trial. Finding that Ford was a career criminal with an extensive record of offenses including seven felony and 26 misdemeanor convictions, including convictions for burglary and breaking and entering, the trial court sentenced Ford to seventeen months' incarceration and a period of post-release control.
In his first assignment of error, Ford claims that the trial court erred in denying him the right to represent himself at trial. On the morning of trial, Ford accused his appointed counsel of being a racist and of aiding the prosecution. He asked the court to appoint different counsel. Following a lengthy and confusing discussion during which Ford repeatedly interrupted the court, the trial court indicated that, as a previous motion for new counsel had been overruled, Ford could proceed with his appointed counsel or could represent himself with the assistance of counsel. See State v. Martin, 103 Ohio St.3d 385, 2004-Ohio-5471,816 N.E.2d 227, paragraph one of the syllabus. At several times during the animated discussion, Ford professed to represent himself and then quickly recanted.
The Sixth Amendment to the United States Constitution affords a criminal accused "an independent * * * right of self-representation" that permits the accused "to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." State v.Gibson (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, paragraph one of the syllabus, citing Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525. "Considering the strong presumption against waiver of the right to counsel, courts use a stringent standard for judging the adequacy of an assertion of the right to self-representation. * * * Consequently, a defendant's assertion of the right must be clear and unequivocal." Statev. Steele, 155 Ohio App.3d 659, 2003-Ohio-7103, 802 N.E.2d 1127, at ¶ 13, citing State v. Cassano, 96 Ohio St.3d 94, 2002-Ohio-3751,772 N.E.2d 81, at ¶ 38; see, also, Crim.R. 44.
Ford's assertion of the right to self-representation was not clear and unequivocal. His requests were more emotional outbursts and expressions of dissatisfaction with his counsel than unequivocal requests to represent himself. After the heated discussion with the trial court, Ford cooperated with the appointed counsel throughout the remainder of the trial. The assignment of error is overruled.
In his second assignment of error, Ford argues that the trial court erred by requiring him to wear a stun belt during his appearance before the jury. The decision to impose restraints, including a stun belt, is committed to the sound discretion of the trial court. See State v. Adams
(2004), 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, at ¶ 104; see, also, Deck v. Missouri (2005), ___ U.S ___, ___, 125 S.Ct. 2007, 2009. A hearing is not mandatory, however, and the trial court's exercise of its discretion to use restraints may not be disturbed on appeal if the record discloses "facts and circumstances surrounding [the] defendant [that] illustrate a compelling need to impose exceptional security procedures * * *." State v. Franklin, 97 Ohio St.3d 1, 2002-Ohio-5304,776 N.E.2d 26, at ¶ 82.
Here, Ford did not move for a pretrial hearing on the need for a stun belt. Ford did, however, protest to the trial court at the opening of the trial. The trial court heard Ford's vigorous protests and the state's response, and identified the need for the belt in light of Ford's agitated state and of his expressed intention to act as his own counsel and to move about the courtroom. See, e.g., State v. Earhart, 1st Dist. No. C-030526, 2004-Ohio-4791, at ¶ 5. Ford is unable to demonstrate any prejudice from the trial court's decision, as there is no evidence that the jury saw Ford wearing the stun belt and, more importantly, after voir dire, the trial court noted Ford's calm demeanor and ordered the stun belt removed for the remainder of the trial. The second assignment of error is overruled.
In two interrelated assignments of error, Ford challenges the weight and the sufficiency of the evidence adduced at trial to support his conviction. Our review of the record fails to persuade us that the jury, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541. The jury was entitled to reject Ford's theory that he did not forcibly enter into the women's shelter but rather was admitted by an unknown person after Ford asked to use the bathroom at 2:00 a.m. As the weight to be given the evidence and the credibility of the witnesses was primarily for the trier of fact to determine, see Statev. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus, the jury, in resolving conflicts in the testimony, could properly have found that Ford forced open the basement door of the shelter, tripping the alarm system.
The record reflects substantial, credible evidence from which the jury could have reasonably concluded that the state had proved all elements of the charged crime of burglary beyond a reasonable doubt, including that Ford "by force, stealth, or deception, [had] trespassed in a permanent or temporary habitation of another when any person other than an accomplice of the offender was present or likely to be present." See R.C.2911.12(A)(4); see, also, State v. Waddy (1991), 63 Ohio St.3d 424,588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338. The third and fourth assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., PAINTER and HENDON, JJ.